Daniel Watts, SBN 277861
Edward Misleh, SBN 273645
LAW OFFICE OF EDWARD MISLEH
615 Tenth Street, Sacramento, California 95814
Telephone: 916-443-1267
Facsimile: 916-266-9403
Daniel@edwardmisleh.com
*Attorneys for Plaintiff Jay Whaley*

U.S. District Court

Eastern District of California

| | |
|---|---|
| Jay Whaley,<br><br>      Plaintiff,<br><br>v.<br><br>Great Lakes Educational Loan Services, Inc.; Does 1-20;<br><br>      Defendants. | Case No.<br><br>COMPLAINT FOR Violations of:<br>(1)  Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq.;<br>(2)  Rosenthal Fair Debt Collection Practices Act, California Civil Code §§ 1788-1788.32. |

**CIVIL CASE COMPLAINT**

1. Plaintiff JAY WHALEY ("Whaley" or "Plaintiff"), by and through his attorneys, hereby complains of Defendant Great Lakes Educational Loan Services, Inc. ("Great Lakes" or "Defendant") and DOES 1-20 ("Does") (collectively, "Defendants"), each of them, individually, separately, and collectively for causes of action alleges as follows:

   a. Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq.; and
   b. Rosenthal Fair Debt Collection Practices Act, California Civil Code §§ 1788-1788.32.

**INTRODUCTION**

2. The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy. Congress wrote the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (hereinafter "FDCPA"), to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

3. The California legislature has determined that the banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts and that unfair or deceptive collection practices undermine the public confidence that is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers. The Legislature has further determined that there is a need to ensure that debt collectors exercise this responsibility with fairness, honesty and due regard for the debtor's rights and that debt collectors must be prohibited from engaging in unfair or deceptive acts or practices.

4. Jay Whaley, ("Plaintiff"), through Plaintiff's attorneys, brings this action to challenge the actions of Great Lakes Educational Loan Services, Inc. ("Great Lakes") and Does 1-20 ("Does"), (collectively "Defendants"), with regard to attempts by Defendants to unlawfully and abusively collect a debt allegedly owed by Plaintiff, and this conduct caused Plaintiff damages.

5. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to a plaintiff, or to a plaintiff's counsel, which Plaintiff alleges on personal knowledge.

6. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

7. Any violations by Defendants were knowing, willful, and intentional, and Defendants did not maintain procedures reasonably adapted to avoid any such violation.

8. Any and all violations alleged against Defendants Does 1-20 are imputed to Great Lakes under the theory of vicarious liability, because the actions undertaken by Defendant Does 1-20 were an attempt to collect the alleged debt by an employee or employees on behalf of Defendant Great Lakes.

9. All violations alleged under the FDCPA are alleged as to all Defendants.

10. All violations alleged under the Rosenthal Act are alleged as to all Defendants.

## JURISDICTION AND VENUE

11. Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331, 15 U.S.C. § 1692(k), and 28 U.S.C. § 1367 for supplemental state claims.

12. This action arises out of Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq. ("FDCPA") and the Rosenthal Fair Debt Collection Practices Act, California Civil Code §§ 1788-1788.32 ("Rosenthal Act").

13. Because Defendants do business within the State of California, personal jurisdiction is established.

14. Venue is proper pursuant to 28 U.S.C. § 1391(b) and (c).

15. Defendant commonly avails itself of the privilege of conducting business in Sacramento County and are subject to personal jurisdiction in Sacramento County, therefore Defendant resides in this judicial district pursuant to 28 U.S.C. § 1391(c).

16. At all times relevant, Defendants conducted business within the State of California.

## PARTIES

17. Plaintiff Jay Whaley is, and was at all relevant times, a resident of California and the Eastern District of California. Whaley was guarantor for a student loan discharged in bankruptcy in 2012.

18. Defendant Great Lakes is, and was at all relevant times, a non-California corporation with the ability to sue and be sued, with its principal place of business and headquarters located outside of California. Great Lakes' operations affect interstate commerce, and Great Lakes employs, and at all relevant times did employ, more than 50 people, including Defendants Does 1-20. Great Lakes attempted to collect on a debt it believed Whaley owed, by phoning his place of business and unlawfully disclosing Whaley's financial information to persons other than Whaley, e-mailing Whaley, and phoning Whaley at home. Great Lakes is not the originator of the loan, but is a debt collector to whom the loan was assigned for collection purposes. Whaley disputed the debt, both orally and in writing, on several occasions; but despite Whaley explicitly telling Great Lakes not to contact him, Great Lakes has continued these efforts, both acting in its own capacity and through its employees Does 1-20, to harass Whaley.

19. Whaley is informed and believes that Defendants Does 1-20 ("Does") are individuals or business entities or both, whose identities are unknown, but who were at all relevant times the agents, employees, or representatives of Great Lakes and were at all times acting within the scope and purpose of their agency and employment. Does attempted to collect on a debt using methods forbidden by the statutes cited herein. The true names and capacities of

the Does, whether individual, corporate, partnership, association, or otherwise, are unknown to Whaley, who therefore sues these defendants by such fictitious names. Whaley will request leave of court to amend this Complaint to allege their true names and capacities at such time as they are ascertained.

20. All Defendants, whether named or referred to as a fictitious name, supervised, ratified, controlled, acquiesced in, adopted, directed, substantially participated in, and/or approved the acts, errors, or omissions, of each remaining defendant.

21. Plaintiff is obligated or allegedly obligated to pay a debt, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

22. Defendants are persons or business entities or both who use an instrumentality of interstate commerce or the mails in a business the principal purpose of which is the collection of debts, or who regularly collect or attempt to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and are therefore debt collectors as that phrase is defined by 15 U.S.C. § 1692a(6), and therefore subject to the FDCPA. *Brannan v. United Student Aid Funds, Inc.*, 94 F.3d 1260, 1262 (9th Cir. 1996); *55* Fed.Reg. 40120, 40121 (1990).

23. Plaintiff is a natural person from whom a debt collector sought to collect a consumer debt which was due and owing or alleged to be due and owing from Plaintiff, and is a "debtor" as that term is defined by California Civil Code § 1788.2(h).

24. Defendants, in the ordinary course of business, regularly, on behalf of themselves, or others, engage in debt collection as that term is defined by California Civil Code § 1788.2(b), are therefore debt collectors as that term is defined by California Civil Code § 1788.2(c).

25. This case involves money, property or their equivalent, due or owing or alleged to be due or owing from a natural person by reason of a consumer credit transaction. As such, this action arises out of a consumer debt and "consumer credit" as those terms are defined by Cal. Civ. Code § 1788.2(f).

## STATEMENT OF FACTS

26. Defendant Great Lakes and all other Defendants are not employees of the U.S. government.

27. Defendants are private debt collectors.

28. Great Lakes has attempted to collect on a consumer debt it believes Whaley owes to another entity.

29. That debt has been transferred to Defendants, including Defendant Great Lakes, for collection purposes at some point prior to October 2012.

30. Whaley disputes and has disputed the validity of this debt.

31. Defendants attempted to collect this debt via phone calls, e-mails, and letters sent to Whaley on or about November 2012.

32. These communications to Plaintiff were "communication[s]" as that term is defined by 15 U.S.C. § 1692a(2), and the first of these constituted an "initial communication" consistent with 15 U.S.C. § 1692g(a).

33. These communications were a "debt collection" as Cal. Civ. Code 1788.2(b) defines that phrase, and the first of these constituted an "initial communication" consistent with Cal. Civ. Code § 1812.700(b).

34. On or about September 2012, Whaley retained the Law Office of Edward Misleh to represent him.

35. Whaley disputed the validity of the debt in a letter to Great Lakes sent on or about November 2012.

36. In this letter, Whaley instructed Great Lakes to cease its attempts to contact him to collect the debt. Whaley instructed Great Lakes not to phone him, not to write him letters or e-mails, and not to phone his place of employment.

37. On behalf of Whaley, attorney Edward Misleh notified Great Lakes on or about December 17, 2012, that Whaley disputed the validity of the debt and again instructed Great Lakes to cease its attempts to collect on the debt.

38. On or about December 17, 2012, Misleh wrote and mailed a letter to Great Lakes disputing the validity of the debt and instructing Great Lakes "to immediately cease making any attempts to contact my client."

39. Despite Misleh's instructions, Great Lakes continued to attempt to phone and e-mail Whaley in an attempt to collect the debt.

40. On or about January 3, 2013, Misleh phoned Great Lakes and spoke with employees who identified themselves as "Casey" (ID# 5064) and "Dana" (who refused to give her ID number).

41. During this January 3, 2013 phone call, Misleh instructed Great Lakes not to contact Whaley to attempt to collect the debt. Misleh disputed the validity of the debt on behalf of Whaley.

42. During this January 3, 2013 phone call with Misleh, Dana and Casey both acknowledged that they had received Misleh's letters disputing the validity of the debt and agreed that Great Lakes would cease its attempts at contacting Whaley.

43. Despite Defendants' promises to cease its attempts at contacting Whaley, Defendants continued to contact Whaley at home and at work.

44. On Feb. 20, 2013 at 2:55 a.m., Great Lakes e-mailed Whaley to attempt to collect the debt.

45. On Feb. 21, 2013 at 4:02 a.m., Great Lakes e-mailed Whaley to attempt to collect the debt.

46. On Feb. 22, 2013 at 3:16 a.m., Great Lakes e-mailed Whaley to attempt to collect the debt.

47. On Feb. 23, 2013 at 2:55 a.m., Great Lakes e-mailed Whaley to attempt to collect the debt.

48. On Feb. 27, 2013 at 4:18 a.m., Great Lakes e-mailed Whaley to attempt to collect the debt.

49. On March 3, 2013 at 4:21 p.m., Great Lakes e-mailed Whaley to attempt to collect the debt.

50. At 12:37 a.m. on March 26, 2013, Great Lakes e-mailed Whaley to attempt to collect the debt.

51. On March 23, 2013 at 5:21 a.m., Great Lakes e-mailed Whaley to attempt to collect the debt.

52. On March 25, 2013 at approximately 1:00 p.m., Great Lakes phoned Whaley's place of employment to attempt to collect the debt. During that phone call, Great Lakes disclosed Whaley's confidential and private financial information to his employer and asked Whaley's employer to disclose Whaley's other confidential and private financial information to Great Lakes. Great Lakes made disparaging remarks about Whaley's financial situation to Whaley's employer, which damaged Whaley's reputation at work. Great Lakes told Whaley's employer that Whaley was in arrears for non-payment of a debt, which damaged Whaley's reputation.

53. On March 25, 2013, Misleh wrote another letter to Great Lakes disputing the validity of the debt and instructing Great Lakes to cease its attempts to collect the debt by contacting Whaley or Whaley's employer. Misleh demanded that Great Lakes contact Misleh to reassure him that it would cease attempts at contacting Whaley.

54. At 2:42 a.m. on March 30, 2013, Great Lakes e-mailed Whaley to attempt to collect the debt.

55. On April 3, 2013, at approximately 3:45 p.m., Great Lakes again phoned Whaley at home to attempt to collect the debt.

56. At 3:19 a.m. on April 4, 2013, Great Lakes e-mailed Whaley to attempt to collect the debt.

57. On the night of April 4, 2013, Great Lakes phoned Whaley <u>twice</u> at home to attempt to collect the debt.

58. Through this conduct, Defendants engaged in conduct the natural consequence of which was to harass, oppress, or abuse a person in connection with the collection of a debt. Consequently, Defendants violated 15 U.S.C. § 1692d.

59. Because this violated certain portions of the federal Fair Debt Collection Practices Act as these portions are incorporated by reference in the Rosenthal Fair Debt Collection Practices Act, through California Civil Code § 1788.17, this conduct or omission violated Cal. Civ. Code § 1788.17.

60. Through this conduct, Defendants caused a telephone to ring or engaged a person in telephone conversations repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number. Consequently, Defendants violated 15 U.S.C. § 1692d(5).

61. Because this violated certain portions of the federal Fair Debt Collection Practices Act as these portions are incorporated by reference in the Rosenthal Fair Debt Collection Practices Act (RFDCPA), through California Civil Code § 1788.17, this conduct or omission violated Cal. Civ. Code § 1788.17.

62. After Defendants were notified in writing that Plaintiff refused to pay the alleged debt or wished Defendants to cease further communication with the consumer, Defendants continued their communications with respect to such debt, for a purpose other than enumerated in 15 U.S.C. § 1692c(c). Consequently, Defendants violated 15 U.S.C. § 1692c(c).

63. Because this violated certain portions of the federal Fair Debt Collection Practices Act as these portions are incorporated by reference in the Rosenthal Fair Debt Collection Practices Act, through California Civil Code § 1788.17, this conduct or omission violated Cal. Civ. Code § 1788.17.

64. During the collection phone calls, Plaintiff and Plaintiff's attorneys further informed Defendants that Plaintiff had retained counsel and requested that Defendants contact Plaintiff's attorney regarding the alleged debt instead of contacting Plaintiff.

65. Despite providing Defendants with his attorney's name and contact information, Defendants continued their collection calls to Plaintiff.

66. Without the prior consent of the consumer given directly to the Defendants or the express permission of a court of competent jurisdiction, Defendants communicated with the

consumer in connection with the collection of a debt when Defendants knew the consumer was represented by an attorney with respect to such debt and had knowledge of, or could have readily ascertained such attorney's name and address. Consequently, Defendants violated 15 U.S.C. § 1692c(a)(2).

67. Because this violated certain portions of the federal Fair Debt Collection Practices Act as these portions are incorporated by reference in the Rosenthal Fair Debt Collection Practices Act, through California Civil Code § 1788.17, this conduct or omission violated Cal. Civ. Code § 1788.17.

68. The Law Office of Edward Misleh sent another letter to Great Lakes on April 4, 2013, instructing Great Lakes to cease contacting Whaley or Whaley's employer. This letter explained that failure to cease and desist would constitute a violation of the FDCPA and equivalent California statutes, and that Whaley would file a lawsuit if Great Lakes did not immediately cease and desist.

69. On April 5, 2013, Great Lakes phoned Whaley again at home to attempt to collect the debt.

70. On several other occasions in April 2013, Great Lakes phoned and e-mailed Whaley at home to attempt to collect the debt.

71. On May 14, 2013 at approximately 2:00 p.m., Defendants phoned Whaley at home in an attempt to collect the debt. During this phone call, Defendants phoned Whaley and hung up without identifying themselves.

72. On several other occasions during April and May 2013, Defendants phoned Whaley at home and refused to identify themselves.

73. The Fair Debt Collection Practices Act ("FDCPA") comprehensively regulates the conduct of debt collectors, imposing affirmative obligations and broadly prohibiting abusive practices. *Gonzales v. Arrow Fin. Servs., LLC*, 660 F.3d 1055, 1060–61 (9th Cir.2011); see generally 15 U.S.C. § 1692. Under the FDCPA, debt collectors are strictly liable for their

conduct regardless of their intent or knowledge of possible violations. *Reichert v. Nat'l Credit Sys., Inc.*, 531 F.3d 1002, 1005 (9th Cir.2008) (citing *Clark v. Capital Credit & Collection Servs., Inc.*, 460 F.3d 1162, 1175-77 & n. 11 (9th Cir.1982)).

74. A "[p]laintiff needs to show only one violation of the FDCPA to be entitled to summary judgment." *Scott v. Kelkris Assoc., Inc.*, No. CIV. 2:10-1654 WBS DAD, 2012 WL 996578, at *4 (E.D.Cal. Mar.23, 2012). A debt collector in violation of the FDCPA is liable to a plaintiff in any amount equal to actual damages, $1,000 in punitive damages, attorney's fees and costs. 15 U.S.C. § 1692(K)(A).

75. Section 1692(d) of the Fair Debt Collection Practices Act provides that "a debt collector may not ... harass, oppress, or abuse any person in connection with the collection of debt." 15 U.S.C. § 1692(d).

76. As specific but not limiting examples of such harassment, Section 1692(d) provides that "causing the phone to ring repeatedly with intent to annoy the debtor" and failing to offer meaningful identification of the caller each violate the FDCPA. 15 U.S.C. § 1692d(5), (6).

77. Any violation of the FDCPA constitutes a violation of the California equivalent statute, the RFDCPA. CAL. CIV. CODE § 1788.17. In addition, the RFDCPA contains provisions mirroring the requirements for caller disclosure and prohibiting harassing calls. See CAL. CIV. CODE § 1788.11(b), (d). See also *Costa v. Nat'l Action Fin. Servs.*, 634 F.Supp.2d 1069, 1077 (E.D.Cal.2007); see also *Riggs v. Prober & Raphael*, 681 F.3d 1097, 1100 (9th Cir .2012) ("The [RFDCPA] mimics or incorporates by reference the FDCPA's requirements"); CAL. CIV. CODE § 1788.17.

78. Other conduct constituting unlawful harassment occurs when a debt collector "continu[es] to call the debtor after the debtor has requested that the debt collector cease and desist communication." *Arteaga*, 733 F.Supp.2d at 1227; see also *Fox v. Citicorp Credit Services, Inc.*, 15 F.3d 1507 (9th Cir.1994).

79. In addition, "[c]alling a debtor numerous times in the same day, or multiple times in a short period of time, can constitute harassment under the FDCPA." *Arteaga*, 733 F.Supp.2d at 1228; see also *Kuhn v. Account Control Tech.*, 865 F.Supp. 1443, 1453 (D.Nev.1994).

80. Phoning a debtor's "place of employment, family, or friends" also violates the FDCPA. See *Arteaga*, 733 F.Supp.2d at 1229.

81. Here, Whaley and Misleh repeatedly requested during phone calls with Defendants that Defendants cease calling Whaley.

82. Misleh and Whaley also instructed Defendants *in writing* to cease calling Whaley.

83. After these requests, Defendants continued to call Whaley.

84. After these requests, Defendants phoned Mr. Whaley's place of employment, unlawfully speaking to his coworkers about the debt and disclosing other financial information about Whaley to his employer.

85. All of these acts violates federal and state law. A written request obligated Great Lakes to stop calling. See 15 U.S.C. § 1692c(c).

## COUNT I

## AS TO ALL DEFENDANTS

## FAIR DEBT COLLECTION PRACTICES ACT (FDCPA)

## 15 U.S.C. §§ 1692 ET SEQ.

86. Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs.

87. The foregoing acts and omissions constitute numerous and multiple violations of the FDCPA, including but not limited to each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq.

88. As a result of each and every violation of the FDCPA, Plaintiff is entitled to any actual

damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 for each violation pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from each and every defendant, jointly and severally.

## COUNT II

### AS TO ALL DEFENDANTS

### ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT (ROSENTHAL ACT)
### CAL. CIV. CODE §§ 1788-1788.32

89. Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs.

90. The foregoing acts and omissions constitute numerous and multiple violations of the Rosenthal Act, including but not limited to each and every one of the above-cited provisions of the Rosenthal Act, Cal. Civ. Code §§ 1788-1788.32

91. As a result of each and every violation of the Rosenthal Act, Plaintiff is entitled to any actual damages pursuant to Cal. Civ. Code § 1788.30(a); statutory damages for each knowing or willful violation in the amount of $1,000.00 per violation pursuant to Cal. Civ. Code § 1788.30(b); and reasonable attorney's fees and costs pursuant to Cal. Civ. Code § 1788.30(c) from each and every defendant, jointly and severally.

### PRAYER FOR RELIEF

92. WHEREFORE, Plaintiff prays that judgment be entered against Defendants, and Plaintiff be awarded damages from each Defendant as follows:

93. An award of statutory damages of $1,000.00 per violation pursuant to 15 U.S.C. § 1692k(a)(2)(A);

94. An award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3);

95. An award of statutory damages of $1,000.00 per violation pursuant to Cal. Civ. Code § 1788.30(b);

96. An award of costs of litigation and reasonable attorney's fees, pursuant to Cal. Civ. Code § 1788.30(c);

97. For declaratory and injunctive relief preventing a recurrence of these unlawful acts;

98. And for other relief as this court may deem proper.

99. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Dated: May 15, 2013.

Respectfully submitted,

                                        */s/Daniel Watts, Esq.*
                                        DANIEL WATTS, ESQ. SBN 277861
                                        Law Firm of Edward Misleh, Attorney at Law